IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-1748-WJM-STV

RAYMOND ROBLES,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REBUTTAL EXPERT DISCLOSURES

Plaintiff Raymond Robles brings this insurance action against Defendant American Family Mutual Insurance Company, arguing that Defendant breached its insurance contract with Plaintiff following a single-car automobile accident which resulted in the death of Plaintiff's five-year-old son.  In addition to his breach of insurance contract claim, Plaintiff also alleges that Defendant has denied and/or delayed payments of uninsured motorist ("UM") benefits to him in bad faith.  (ECF No. 5 at 3–5.)

This matter comes before the Court on Defendant's Motion to Strike Plaintiff's Rebuttal Expert Disclosures ("Motion"), filed on March 31, 2020.  (ECF No. 49.)

For the reasons set forth below, the Court denies the Motion.

## I.  BACKGROUND

### A. Factual Background

This Court's Scheduling Order required the parties to designate their affirmative experts and disclose each of their expert's reports on or before December 16, 2019. (ECF No. 27 at 11.)  In the Scheduling Order, Plaintiff indicated that he "believes he will need an expert in insurance companies' duties of good faith and fair dealing" and may need an expert "regarding damages suffered as a result of Defendant's bad faith conduct."  (*Id.*)  Defendant indicated it "anticipates expert testimony in all fields in which Plaintiff designates expert testimony."  (*Id.*)  The Scheduling Order further required the parties to designate all rebuttal experts on or before January 15, 2020.  (*Id.*)

On December 16, 2019, in accordance with the Scheduling Order, Defendant disclosed the expert testimony of John M. Palmeri, Esq.  (ECF No. 48-1.)  Plaintiff did not designate an affirmative expert witness.  On January 15, 2020, Plaintiff designated Russell A. Kile as a rebuttal expert. (ECF No. 48-3.)

On March 31, 2020, Defendant filed the Motion.  (ECF No. 49.)  Plaintiff responded on April 21, 2020 (ECF No. 52), and Defendant replied on May 5, 2020 (ECF No. 60).

### B. The Experts

Defendant's affirmative expert, Mr. Palmeri, provided the following opinion:

> In my opinion, [Defendant] acted reasonably, well within industry standards.  [Defendant] has an obligation under the UM/UIM Endorsement of the Policy to issue the payment to both [Plaintiff] and Ms. Borgman as insureds.  This is also in compliance with the Colorado Wrongful Death Act.  Complying with the contractual obligations of the policy and Colorado law is certainly not bad faith.  [Defendant] did not delay in handling the claim.  The documents requested by [Defendant] were not provided until February 20, 2019.

> [Defendant] was then ready to issue payment on March 8, 2019—a reasonable period of time.  Payment was in fact tendered to both [Plaintiff] and Ms. Borgman on March 26, 2019.  [Defendant] did not delay payment on the claim, but acted reasonably and within industry standards.

(ECF No. 48-2 at 7.)

Plaintiff's rebuttal expert, Mr. Kile, opined that "[Defendant's] conduct was not reasonable and was below insurance industry standards."  (ECF No. 48-4 at 6.)  Among other things, he stated that:

- Industry standards obligate an insurance company to promptly identify, investigate, and communicate any coverage issues that may arise in the course of the claim process.  Where possible, the insurer must also provide the insured with a reasonable opportunity to cure any coverage issues that may arise.  It is my opinion [that] the UM coverage determination by [Defendant] for this claim did not comply with the applicable industry standards in Colorado.

- [Defendant's] failure to investigate coverage, solicit claims, and provide a thorough explanation of [its] coverage determination and the policy benefits available was not reasonable and did not meet the standards of good faith claim handling.  This is not the industry standard.

- Other than the investigation surrounding the coverage determination of this claim, it is my opinion that [Defendant's] investigation of the facts and liability of this claim complied with the applicable industry standards in Colorado.

- An insurer has an obligation to review all aspects of damages and evaluate an insured's claim fairly and objectively, without placing the insurance company's interests above the interests of the insured. . . . It is my opinion [Defendant's] evaluation of this claim complied with the applicable industry standards in Colorado.

- [Defendant] calculated the amount of benefits owed to [Plaintiff] but refused to provide any explanation as to why they needed to include [T.R.'s] parents as payees on the check.  [It] should have communicated the policy coverage to [Plaintiff] to explain their position, but [it] did not. . . .  In sum, [Defendant's] handling of [Plaintiff's] UM claim did not

3

> meet industry standards and fell short of its good faith obligations. In my opinion, [Defendant's] actions were unreasonable and a violation of its duties of good faith and fair dealing.

(*Id.* at 7–12.)

## II.  ANALYSIS

Federal Rule of Civil Procedure 26(a)(2)(C)(ii) defines a rebuttal expert as one whose testimony is "intended solely to contradict or rebut evidence on the same subject matter identified by another party." The rule makes clear that a rebuttal expert's testimony must "relate to and rebut evidence or testimony on the same *subject matter* identified by another party under Rule 26(a)(2)(B) or (C)." *Bleck v. City of Alamosa, Colo.*, 2012 WL 695138, at *4 (D. Colo. Mar. 5, 2012) (emphasis in original).

"[W]here the evidence rebuts new evidence or theories proffered in the defendant's case-in-chief, that the evidence may have been offered in the plaintiff's case-in-chief does not preclude its admission in rebuttal." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1224 (10th Cir. 2000) (citing *Bell v. AT&T*, 946 F.2d 1507, 1512 (10th Cir. 1991)). However, when a plaintiff "seek[s] to rebut defense theories which [it] knew about or reasonably could have anticipated, the district court is within its discretion in disallowing rebuttal testimony." *Id.*; *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1515 (10th Cir. 1990) (recognizing that rebuttal testimony was properly excluded where rebuttal testimony was really an attempt by party to "introduce or interpret exhibits more properly part of its case-in-chief").

Defendant argues that Mr. Kile's rebuttal expert opinions are not confined to the same subject matters as Mr. Palmeri's expert opinion. (ECF No. 48 at 6.) The Court disagrees.

4

After chronicling the claims handling process, Mr. Palmeri opined that Defendant acted reasonably and within industry standards in its handling of Plaintiff's claim and decision to issue payment to both Plaintiff and Ms. Borgman as insureds.  (ECF No. 48-2 at 7.)  In his rebuttal expert report, Mr. Kile attacks several aspects of Defendant's handling of Plaintiff's insurance claim and concludes that Defendant's actions did not comport with insurance industry standards.  Although Mr. Kile analyzes multiple aspects of Defendant's claim handling that Mr. Palmeri did not explicitly address, his opinions relate to the same underlying topic—whether Defendant's handling of Plaintiff's claim was reasonable and complied with industry standards.[1]  *See Armstrong v. I-Behavior Inc.*, 2013 WL 2419794, at *3 (D. Colo. June 3, 2013) (rejecting argument that the phrase "same subject matter" should be construed in an overly narrow fashion).  The Court therefore finds that Mr. Kile's opinions relate to the same subject matter as Mr. Palmeri's opinion and should not be stricken on this basis.

 Defendant also contends Mr. Kile's testimony is improper rebuttal testimony because it attempts to introduce new affirmative evidence in the guise of rebuttal evidence.

To be sure, Plaintiff could have chosen to designate Mr. Kile as an affirmative expert to testify in Plaintiff's case-in-chief.  After all, Mr. Kile's opinions regarding Defendant's purported non-compliance with industry standards relate directly to whether Defendant unreasonably delayed or denied payment of claim for benefits owed to

---

[1] Defendant notes that "Mr. Kile's report references Mr. Palmeri's report and opinion only one and does so briefly within an approximately three-page discussion of industry standards for coverage determination."  (ECF No. 48 at 5.)  Despite only explicitly referencing Mr. Palmeri's report once, the *content* of Mr. Kile's opinions relate to the same subject matter as Mr. Palmeri's report, *i.e.*, whether Defendant's handling of Plaintiff's claim complied with applicable insurance industry standards.

Plaintiff.  *See Am. Family Mut. Ins. Co. v. Allen*, 102 P.3d 333, 343 (Colo. 2004) (en banc) (recognizing that in assessing a bad faith claim, "the reasonableness of an insurer's conduct is measured objectively based on industry standards in both the first-party and third-party context").  However, the mere fact that evidence *could have* been offered in a plaintiff's case-in-chief "does not preclude its admission in rebuttal" where the "evidence rebuts new evidence or theories proffered in a defendant's case-in-chief." *Koch*, 203 F.3d at 1224.  Because Defendant has designated an expert to testify about Defendant's compliance with insurance industry standards, Plaintiff is entitled to present its own expert who will attempt to disprove or contradict Defendant's expert on the same subject matter.

Accordingly, the Court will not exercise its discretion to strike Mr. Kile's rebuttal expert opinion on the basis that the testimony could have been offered in Plaintiff's affirmative case-in-chief.[2]  However, Plaintiff is on notice that Mr. Kile's trial testimony will be limited to that of a true rebuttal expert.  *See Mason v. Am. Family Mut. Ins. Co.*, 2020 WL 5982883, at *3 (D. Colo. Oct. 8, 2020) (recognizing that individuals designated only as rebuttal experts "may present limited testimony, may not testify as part of a party's case-in-chief, and cannot testify unless and until the testimony they were designated to rebut is given at trial" (internal quotations omitted)).

### III.  CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's Motion to Strike Plaintiff's Rebuttal Expert Disclosures (ECF No. 49).

---

[2] Because the Court has not determined that Mr. Kile is a late-disclosed affirmative expert, it need not analyze Defendant's arguments relating to whether Mr. Kile's purportedly late designation was substantially justified or harmless.

Dated this 23rd day of December, 2020.

BY THE COURT:

_____
William J. Martinez
United States District Judge